# CHARLESTON.

MRS. C. C. AYERS v. T. J. EADS

Submitted September 17, 1919.  Decided September 30, 1919.

APPEAL AND ERROR—*Verdict—Conflicting Evidence—Review.*

A judgment rendered upon a verdict based upon conflicting oral testimony will not be set aside by this Court, unless the testimony so decidedly preponderates in favor of the complaining party as to. indicate that the 'jury were unduly influenced, or were controlled by passion or prejudice.

Error to Circuit Court, McDowell County.

Action by Mrs. C. C. Ayers against T. J. Eads.  From a. judgment for plaintiff rendered upon a verdict on trial of an; appeal from a judgment rendered by a justice of the peace,. defendant brings error.'                          *Affirmed.*

*Cook & Howard,* for plaintiff in error.

*Litz & Harman,* for defendant in error.

RITZ, JUDGE:

By this writ of error reversal is sought of a·judgment. of the circuit court in favor of the plaintiff, rendered upon the verdict of a jury upon the trial of an appeal from a. like judgment rendered by a justice of the peace.

The sole ground of error is insufficiency of the plaintiff's: evidence to support the verdict and judgment in her favor. Plaintiff's claim is for a balance which she contends the defendant owes her for commissions or compensation for sales of sewing machines, pianos, organs and phonographs. made by her and her husband for the defendant.  It appears that the plaintiff bought a sewing machine from the defendant and agreed with him to make sales of other machines and musical instruments for certain compensation to be allowed her as a credit upon the price of the machine purchased by her.  Plaintiff's husband assisted her in making such sales.  The amounts to be. paid under this. arrangement as compensation for making these sales were

fixed and determined by the contract, and about this there is no dispute. After a few sales were made under this arrangement plaintiff and her husband testify that the defendant desired to secure their services permanently in the conduct of his business, and with this view made a new contract with the plaintiff, by which he agreed that he would pay to her one-half of the profits upon each sewing machine, and upon each musical instrument sold by her and her husband, and that such one-half of the profits would be at the least the sum of fifteen dollars for each sewing machine, seventeen dollars for each organ, and fifty dollars for each piano, but no mention is made as to what his representations were, if any, as to the profits on phonographs. Pursuant to this contract, the plaintiff and her husband sold, according to their testimony, a number of sewing machines and musical instruments for the defendant's account, to-wit, twelve sewing machines, six pianos, twenty-two organs and eight phonographs. It will thus be seen that at the minimum amounts which the plaintiff says she was to receive on each sale she was entitled to one hundred and eighty dollars for the sale of the twelve sewing machines, three hundred dollars for the six pianos, three hundred and seventy-four dollars for the twenty-two organs, and so far as the phonographs were concerned plaintiff introduced no evidence as to what the profits was on each of these instruments, and consequently there is no basis in her evidence upon which to determine what she was entitled to therefor. However, the defendant in his evidence says that the profit on each of the phonographs was twenty dollars, ten dollars for the plaintiff, and ten dollars for himself. This would entitle the plaintiff, therefore, to eighty dollars on the sale of the eight phonographs, or a total of nine hundred and thirty-four dollars upon all of the sales which she claims were made by her and her husband. She admits that the defendant is entitled to a credit upon this amount for the sum of $546.54, which would leave, remaining unpaid a balance of $387.46. She contends that the amount due her is very much more than this, but when we anaylze the evidence of herself and

her husband, this is the conclusion which must be reached, assuming that her contentions are true.

The defendant denies that he made any contract with the plaintiff, but claims that it was with her husband. He admits that he was to pay one-half of the profits made on each sale, but he denies that the profits were any such amounts as claimed by the plaintiff. He asserts that one-half of the profit on sewing machines was from six to nine dollars, on organs about eleven dollars, on pianos about forty dollars, and on phonographs ten dollars. He further claims that a number of the sales which she claims were made by her and her husband were made by himself, and that she is not entitled to charge him one-half of the profits on such sales. He also claims, in some instances, that the instruments delivered were not paid for and had to be reclaimed, and in others that no such sales as plaintiff claims she and her husband made were ever in fact made by anyone. So far as his contention is concerned as to who was to have the benefit of the contract, the plaintiff and her husband both state that the distinct understanding was that the contract was with her, and that she was to receive the benefit therefor, notwithstanding the work, or a large part of of it, was to be done by her husband. The jury has found in her favor upon this contention, and we will not disturb their finding. So far as his evidence goes as to the profits made on each of these instruments, it is based on nothing but his own oral statements. He does not produce any records or invoices to show what these profits are. If, as the plaintiff and her husband claim, he represented to them what the minimum profits would be at the time he made the contract, the jury were warranted in believing that he was telling the truth then, when he procured the services of the plaintiff and her husband, instead of at the time he was testifying in a suit in which he was defendant. It was within his power to produce the invoices showing what these various instruments actually cost him, and to fix the amount of such profits by indisputable evidence. He did not choose to do this, but elected to go before the jury upon his unsupported statements, in opposition to the testimony of the

plaintiff and her husband as to the representations he had made to them in this regard at the time he procured them to enter into the contract. As to his contention that some of the sales for which the plaintiff claims compensation were made by himself, the plaintiff and her husband testify that they made the same, and the plaintiff in rebuttal showed to the jury a book, according to the record, in which, as she swears, these very sales which the defendant claims were made by him were indicated in this book, in the handwriting of the defendant, as sales made by the plaintiff. The same state of facts is true in regard to certain sales which the defendant claims were not made at all. Plaintiff exhibited this book to the jury, as shown by the record, and testified that entries therein showing such sales as the defendant claims were fictitious were actually entered in this book in the defendant's handwriting as sales made by the plaintiff. The book is not in the record in this case, but the plaintiff testifies without objection as to what the entries therein show, and to the fact that the defendant made them, and the defendant does not contradict this testimony. As to the sales which he admits were made by the plaintiff and her husband, but which he contends were not completed because the instruments had to be reclaimed for failure to pay, it is not quite clear from his evidence just how many of these there were. However, they were inconsiderable, and were not sufficient to reduce the amount claimed by the plaintiff below the sum of three hundred dollars, for which the verdict was rendered. The jury might have allowed him credit for all he claimed in this regard, and there still would have been due the plaintiff, according to her contention, as much as she recovered. The verdict is based upon conflicting oral testimony, and the jury, having adopted the theory supported by plaintiff's evidence, we will not disturb it.

The judgment is therefore affirmed.

*Affirmed.*